T. W. BATMAN, Respondent, v. THE KANSAS CITY, FORT SCOTT & MEMPHIS RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, January 31, 1893.

Railroads: STATUTORY LIABILITY FOR THE KILLING OF STOCK: SUFFI-CIENCY OF THE EVIDENCE. The evidence in this cause is considered, and is *held* sufficient to establish the liability of the defendant railway company under the statute for double damages for the killing of stock.

*Appeal from the Texas Circuit Court.*—HON. C. C. BLAND, Judge.

AFFIRMED.

*Olden & Orr*, for appellant.

(1) A failure to prove that the animals were struck by the engine or cars, either by direct evidence or by proof that the animals were found near the track, and signs showing that they had been struck, coupled with the fact that the trains of defendant were run over the road on that day, is fatal in cases of this kind. *Lindsay v. Railroad*, 36 Mo. App. 53; *Gilbert v. Railroad*, 23 Mo. App. 65. (2) While it was alleged, and

it was necessary to prove, that the land at the point where the stock came on the track or was killed was "uninclosed land," there was an entire failure of proof on this point. *Goodwin v. Railroad*, 43 Mo. App. 359; *Sayer v. Railroad*, 43 Mo. App. 361; *Nance v. Railroad*, 79 Mo. 196; *Jantzen v. Railroad*, 83 Mo. 171; *Wilson v. Railroad*, 18 Mo. App. 258; *Pearson v. Railroad*, 33 Mo. App. 543.

No brief filed for respondent.

ROMBAUER, P. J.—The facts on which the defendant's liability in this case depends are almost identical with those of Goodwin against the same defendant, *ante*, p. 9. The errors assigned, however, are different. In this case the defendant seeks a reversal of the judgment, on the ground that the evidence fails to support the verdict in two particulars. The defendant claims that there is an entire failure of proof of the fact of an actual collision between its train and the stock injured, and also a failure of proof of the fact that the stock came upon the track at some place where the defendant was under a legal duty to fence its right of way.

One witness gave it as his opinion (and this evidence was not objected to) that one of the animals was killed by the cars. There was ample proof that both animals were injured by a violent collision with some hard substance; in fact, that such was the case appeared by the character of the injuries. There was evidence tending to show that the defendant operated the road in the immediate vicinity of which the animals were found in a crippled condition, and that hair and blood were found on the rails and ties near the place where the animals were found. This made a *prima facie* case on the cause of injury, which entitled the plaintiff to go to the jury on that question.

There was evidence tending to show that the place of apparent collision was not in the switch or yard limits in any town or city, nor on any road, and that the railroad at that point was not fenced. This made a *prima facie* case that the animals came upon the track at a place where it was the duty of the defendant to fence its road, and that the road at such point was not fenced. There was no rebutting evidence offered by defendant on either of these points.

In this state of the record we must conclude that there is no merit in either assignment of error.

Judgment affirmed. All the judges concur.